UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

KIM AYALA,

                Plaintiff,

    v.

THE CITY OF NEW YORK and NEW YORK CITY
POLICE OFFICER BENJAMIN FUNG, Shield No. 6714,
In his individual capacity,

                Defendants.
------------------------------------------------------------------------X

**Docket No. 17-cv-7526**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

ECF Case

*JURY TRIAL DEMANDED*

Plaintiff, KIM AYALA, by and through her attorney, JOANNE M. DWYER, Attorney at Law, as and for her Complaint, against the defendants, respectfully states and alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages for the wrongful acts of defendants THE CITY OF NEW YORK and NEW YORK CITY POLICE OFFICER BENJAMIN FUNG, Shield No. 6714, for the violation of Plaintiff's constitutional and civil rights, with Defendants acting under color of state law and pursuant to his and their authority, in violation of Plaintiff's rights pursuant to 42 U.S.C. Section 1981, as secured by 42 U.S.C. Section 1983, grounded in rights secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and laws of the United States.

2. Plaintiff alleges that on or about October 2, 2013 at approximately 10:50 p.m. when Plaintiff was arrested, defendant NEW YORK CITY POLICE OFFICER BENJAMIN FUNG used excessive and unlawful physical force that caused her left arm and shoulder, which had previously

been seriously and extensively injured, to be re-injured, causing further disabling injuries to her left arm and humerus, thereby violating Plaintiff's Constitutional and civil rights.

## JURISDICTION

3. This action is brought pursuant to 42 U.S.C. § 1981, secured by 42 U.S.C. § 1983 in conjunction with the Fourth, Fifth, Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is invoked herein pursuant to 28 U.S.C. Section 1331 and 1343 and the aforementioned constitutional and statutory provisions, this being an action seeking redress for the violation of the Plaintiff's Constitutional and civil rights.

5. Venue is proper in the United States District Court for the Southern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Southern District of New York.

## JURY TRIAL DEMANDED

6. Plaintiff demands a trial by jury on each and every one of her claims as pled herein.

## PARTIES

7. At all times relevant hereto, Plaintiff KIM AYALA, was and is an African-American citizen of the United States, residing in New York County at the time of her arrest.

8. At all times relevant hereto, defendant THE CITY OF NEW YORK (also at times referred to as "CITY") was and is a municipal corporation duly incorporated and existing under the laws of New York State.  Pursuant to its Charter, New York City has established and owns, operates, manages, directs and controls the New York City Police Department as a constituent department or agency, which employs the individually named police officer defendants.

9. At all times relevant hereto, defendants:  NEW YORK CITY POLICE OFFICER

BENJAMIN FUNG, Shield No. 6714 ("FUNG or Police Officer FUNG) was a police officer employed by the New York City Police Department, assigned to the 14th Precinct Command and acting under color of state law. He is being sued in his individual capacity.

10. At all times relevant hereto and in all his actions described herein, the defendant FUNG was acting under color of the statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department and the CITY OF NEW YORK, pursuant to his authority as an employee, servant and agent of the New York City Police Department, within the scope of his employment and incidental to his otherwise lawful duties and functions as agent, servant and employee.

11. At all times mentioned herein, the Defendant CITY OF NEW YORK knew or should have known of the bias, bad judgment, abusive, violent and other unlawful tendencies of Police Officer FUNG, including the propensity of Police Officer FUNG to use excessive force.

## FACTUAL BACKGROUND

12. On October 2, 2013, at approximately 10:50 p.m., the Plaintiff, an African-American and member of a racial minority, was arrested for a non-violent crime in a restaurant known as Ruby Tuesday, located at 575 7th Avenue, New York, New York 10036.

13. The Plaintiff was arrested and placed in handcuffs behind her back by Police Officer FUNG.

14. The Plaintiff was arrested, restrained in handcuffs and was securely under the control of Police Officer FUNG.

15. The Plaintiff had previously seriously injured her left shoulder requiring surgery and

complained that the handcuffs were too tight and that she was experiencing pain.

16. While the Plaintiff was handcuffed with her hands behind her back, defendant FUNG, the arresting officer, began pushing the Plaintiff and using ethnic slurs against her, calling her a Black bitch, and rather than loosening the handcuffs, tightening them and pushed the Plaintiff into a wall.

17. When the Plaintiff again complained that Police Officer FUNG was hurting her, FUNG and a security officer threw her into a glass part of a building, cracking the glass and causing the Plaintiff to fall hard onto the ground.

18. Police Officer FUNG then held the Plaintiff on the ground with his foot.

19. The Plaintiff was in great pain in her neck, head, arm and shoulder, which was bruised from the fall.

20. Although Police Officer FUNG was responding to a complaint made against the Plaintiff, there was no reason for FUNG to be so rough with her, and the Plaintiff believes that Police Officer FUNG would not have treated her this way if she were not an African-American woman.

21. The Plaintiff did not resist her arrest and was only attempting to reduce her pain while handcuffed.

22. The Plaintiff's pleas to Officer FUNG were ignored and instead of being treated in a professional, courteous manner, her request for the handcuffs to be loosened resulted in escalating violence by Officer FUNG against the Plaintiff.

23. Based upon Police Officer FUNG's words and actions, the Plaintiff believes her rough treatment was based on her being a Black woman.

24. The Plaintiff was initially transported to Roosevelt Hospital and her injuries from being thrown to the ground, including abrasions to her shoulder and arm were noted.

25. The Plaintiff was also taken to Bellevue Hospital, a hospital owned, managed and maintained by the NEW YORK CITY HEALTH AND HOSPITALS CORPORATION.

26. Bellevue Hospital providers also noted the Plaintiff's bruises to her left shoulder and upper arm.

27. The Plaintiff, who previously suffered a complete displaced fracture mid humeral that required surgery, was injured by Police Officer FUNG again in the same left arm and shoulder.

28. Although the first x-ray at the time did not reveal a fracture to the arm, the Plaintiff subsequently suffered with left arm numbness and tingling and worsening nerve damage and post-traumatic Left Upper Extremity neuropathy and required further surgery to her left arm.

29. As a direct and proximate result of defendant New York City Police Officer FUNG's actions as set forth above, and the wrongful policies, practices, customs and usages of the City of New York complained of herein, Plaintiff KIM AYALA has suffered, *inter alia*, debilitating exacerbated further injury to her left arm requiring further surgery, painful ongoing and permanent damage from physical injury, physical, mental and emotional injury and pain, and deprivation of her constitutional rights, thereby causing Plaintiff KIM AYALA damage and injury.

30. The actions of the defendant New York City Police Officer FUNG violated the clearly established and well settled federal constitutional rights of Plaintiff to the freedom from the use of excessive, unreasonable and unjustified force against her person and of intentional discrimination and selective mistreatment and abuse of the Plaintiff based on the Plaintiff's race.

## FIRST CLAIM:

## VIOLATION OF CONSTITUTIONAL RIGHTS
## PURSUANT TO THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS
## TO THE UNITED STATES CONSTITUTION AND
## 42 U.S.C § 1981 as secured by 42 U.S.C. 1983

31. Plaintiff repeats and realleges the allegations contained in paragraphs 1-30 of this complaint, as though fully set forth herein.

32. On the 2nd day of October, 2013, at approximately 10:50 p.m., at or around 575 Seventh Avenue, in the County, City and State of New York, defendant BENJAMIN FUNG, without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used excessive force that was objectively unreasonable in effecting the arrest of the Plaintiff KIM AYALA, thereby violating the Plaintiff's Constitutional rights.

33. The Defendant CITY OF NEW YORK, its agents and employees, New York City Police Officer BENJAMIN FUNG, in his individual capacity, deprived Plaintiff of her Fourth, Fifth and Fourteenth Amendment rights, and caused such deprivation of rights by unlawfully using excessive force in arresting the Plaintiff as described above in paragraphs 1 through 30 of this Complaint. Said acts were motivated by race and color and were marked by the conduct of Defendant FUNG which supports this motivation.

34. Said actions by Defendant CITY OF NEW YORK and Police Officer FUNG denied the Plaintiff her due process rights, and denied her the equal protection under the law. All of these rights are guaranteed to the Plaintiff pursuant to 42 U.S.C. Section 1981 as secured by 42 U.S.C. Section 1983. Said acts were motivated by race and color, and were marked by the conduct of

Defendant Police Officer FUNG to support the motivation.

35. Through the unjustified use of excessive force, the Plaintiff was deprived of procedural and substantive due process and the right to equal protection under the laws. These rights are guaranteed to the Plaintiff under 42 U.S.C. Section 1981.

36. As a result of said conduct by Defendant CITY OF NEW YORK and Police Officer FUNG, the Plaintiff has been subjected to the unnecessary use of force and other due process violations.

37. The Plaintiff suffered physical injury which exacerbated prior serious and permanent physical injury, humiliation, anxiety, fear and emotional and psychological harm, as a direct result of being subjected to excessive force by Police Officer FUNG.

38. As a direct result of the aforementioned conduct of defendant BENJAMIN FUNG, a servant, employee and agent of the Defendant CITY OF NEW YORK, the Plaintiff has suffered severe and permanent physical injury and psychological, emotional and physical trauma and damage, and has been otherwise harmed, injured and damaged.

**SECOND CLAIM**

**VIOLATION OF CONSTITUTIONAL RIGHTS
PURSUANT TO THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS
TO THE UNITED STATES CONSTITUTION AND
42 U.S.C § 1981 as secured by 42 U.S.C. 1983
(Municipal Liability)**

39. Plaintiff repeats and realleges the allegations contained in paragraphs 1-38 of this complaint, as though fully set forth herein.

40. At all times material to this complaint, defendant CITY OF NEW YORK, acting

through its police department, the New York City Police Department, had in effect <u>de</u> <u>facto</u> policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant officer.

41. The acts and conduct of defendant CITY OF NEW YORK as set forth above in paragraphs 1-38 deprived Plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States secured to Plaintiff by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1981 as secured by 42 U.S.C. Section 1983. Plaintiff was deprived of her rights to be free from excessive force and to the equal protection of the laws and due process under the law.

42. At all times material to this complaint, the defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, had in effect <u>de</u> <u>facto</u> policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant Police Officer FUNG. Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct police officers, including the defendant police officer and other police officers in the 14th Precinct Command, with regard to the rights of citizens, thereby causing the defendant officers in this case to engage in the unlawful conduct described above.

43. Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased police officers from his duties.

44. Defendant CITY OF NEW YORK, and the New York City Police Department, knew or should have known that prior to October 2, 2013, the use of excessive force and other

8

malicious, and inappropriate unlawful acts by defendant Police Officer FUNG and others was continuously occurring, but defendant CITY OF NEW YORK failed to take appropriate steps to discipline or seriously punish such unlawful acts, thereby encouraging the continuance of the excessive use of force by refusing to address the problem in any meaningful way.

45. On information and belief, the defendant CITY OF NEW YORK failed to effectively screen, hire, train, supervise and discipline its police officers and employees, including the defendant police officer and employee herein, for among others things: to screen, hire, train and supervise officers for their ability to respond to civilians with courtesy, professionalism and respect, to discipline officers for their propensity to disregard constitutional rights, and for their failure to protect citizens from unconstitutional conduct of other police officers and employees, thereby permitting and allowing the defendant police officer and employee herein to be in a position to maliciously and unreasonably use excessive force against Plaintiff and to otherwise cause her injury and violate her federal constitutional rights, and/or to permit these actions to take place.

46. On information and belief, the defendant CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its police officers and employees, and failed to create proper means of containing such risk and managing such stress. Inter alia, the structure was deficient, at the time of selection of police officers and employees and thereafter during his employment, in its ability to evaluate and exchange information within the command structure of the police departments about the performance of individual police officers and employees; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise

put the command and/or staff structure on notice that an individual or individuals was at significant levels of risk to the public at large. The effect of this was to permit police officers to function at levels of significant and substantial risk to the public in general.

42. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as police officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the Plaintiff herein.

43. These policies, practices and customs include, <u>inter alia</u>, the use of excessive force in making arrests, and the acceptance of such unlawful behavior by the supervisors and fellow officers, in violation of the Plaintiff's rights as stated above.

44. All the acts by the Defendants were committed under color of law, thus depriving the Plaintiff of rights secured by federal law and the United States Constitution.

44. As a result of the foregoing, the Plaintiff sustained great physical injury, conscious pain and suffering, mental and emotional injuries and was otherwise harmed, damaged and injured.

**WHEREFORE,** Plaintiff demands judgment against Defendants for the following:

a. Compensatory damages in an amount to be determined;

      b. Punitive damages in an amount to be determined;

      c. Reasonable attorneys fees and costs; and

      d. Such other and further relief as appears reasonable and just.

DATED:  New York, New York
          October 2, 2017

                                              Respectfully,

                                          _____s/_____
                                          JOANNE M. DWYER (JD9852)
                                          Attorney for Plaintiff
                                          225 Broadway, 41st Floor
                                          New York, NY 10007
                                          joannedwyer@aol.com
                                          (212) 233-0591

**Docket No. 17-cv-7526**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

KIM AYALA,

                        Plaintiff,

   -against-

THE CITY OF NEW YORK and NEW YORK CITY
POLICE OFFICERBENJAMIN FUNG, Shield No. 6714,
In his individual capacity,

                       Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

*JOANNE M. DWYER*
*Attorney for Plaintiff*
*225 Broadway, 41st Floor*
*New York, N.Y. 10007*
*Tel: (212) 233-0591*